In the Matter of the Claim of VIRGINIA GREENE, Respondent, v. WEST-BURY FASHIONS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The employer and carrier appeal from a decision awarding death benefits. The decedent when working on January 20, 1961 slipped and fell striking his head on a door knob which caused bleeding and required two sutures to close the wound. On January 23, 1961 he returned to the hospital, had the sutures removed and later that day, while on his way home from work, felt ill. After arriving home his condition worsened and a doctor was summoned who made a diagnosis of an acute posterior wall infarction. On March 8, 1962 he died. The board in its memorandum stated: "There is medical evidence in the record of causal relation between the accident and death, that decedent had reaction to the injury which included elevation of his blood pressure and this apparently resulted in bleeding underneath an arteriosclerotic plaque in one of the coronary arteries with slow elevation to the point of either partial or complete occlusion and eventually development of a myocardial infarction." The sole issue is whether such medical testimony is sufficient to establish causal relationship. The claimant's expert, after conceding that there could be no causal relationship unless there was an elevation of blood pressure, testified: "Q. So that it is quite possible in this case even though these physical reactions did take place, that there was in fact no elevation of the blood pressure? Mr. Revinson: Note my exception to the question. Anything is possible. The Referee: I will permit the question. A. If we deal with possibilities and probabilities, then we have to take this particular case and examine the facts and the facts are that he did develop certain symptoms which in retrospect, which could be easily the results of a Selye reaction. Thus, in my opinion the possibilities of his not having an elevation of blood pressure are practically nil, whereas the probability, I don't think there is any question, that is why in my opinion there was one and I have given causal relationship on that basis, so there is no possibility in this particular case that he didn't have a temporary elevation." The carrier's doctor stated that there was no relationship between

the head injury and subsequent heart attack and that if the accident did cause any change in the blood pressure it most often caused a drop rather than an increase. He then stated that with injury "there may be a rise in blood pressure." Considering the record as a whole, the medical testimony offered on behalf of the claimant as to causal relation between the accident and subsequent death was a factual issue for the board's determination. We are not in agreement with the appellants' contention that the evidence was not substantial. While the claimant's expert did not examine the decedent during his lifetime and there was no autopsy, he did have a case history, an examination of "EKGs" and the hospital report, and, after answering a hypothetical question affirmatively, gave in detail, directly and specifically, his basic reasons for his finding of relationship between the accident of January 20, 1961 and the subsequent death. We conclude that this opinion testimony was such as to meet the test "that although there could not be certainty in such a case his professional judgment was that causality should and could be assumed and acted upon although in the nature of things it could never be scientifically proven or disproven". (*Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414, 416.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.